IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

DION D. GIBBS, et al.,

    *Plaintiffs,*

    v.

    No. 20-cv-01301-SB

JOHN CARNEY, et al.,

    *Defendants.*

---

Douglas D. Herrmann, James Harry Stone Levine, Kenneth A. Listwak, TROUTMAN PEPPER HAMILTON SANDERS LLP, Wilmington, Delaware.

    *Counsel for Plaintiffs.*

---

**MEMORANDUM OPINION**

September 7, 2021

BIBAS, *Circuit Judge*, sitting by designation.

More than a hundred prisoners have sued a Delaware prison for failing to take precautions against COVID. Because their claims are not frivolous, I will let them proceed.

Last March, the pandemic hit Delaware. That April, prison officials banned face masks for all Delaware prison inmates. Compl. ¶ 8.

Then 128 inmates at the James T. Vaughn Correctional Center tested positive, and seven died. Compl. ¶ 13. So officials quarantined the entire prison. *Id.* ¶ 14. They also let inmates there wear masks and practice social distancing. *Id.* Yet they did not take these measures at other prisons. *Id.* ¶ 15, 17.

In June, a new inmate arrived at Delaware's Sussex Correctional Institution. *Id.* ¶ 18. He had been in close contact with someone with COVID. *Id.* The prison did not quarantine him. Instead, it transferred him to the infirmary where other prisoners came to get their medicine. *Id.* ¶¶ 19, 21. One of these prisoners later tested positive. *Id.* ¶ 26. Only then did officials let these prisoners wear masks. *Id.* ¶ 27. Officials also had all inmates tested. *Id.* ¶ 28. Of the nearly 1000 inmates, 300 had COVID. *Id.* Five died. *Id.*

Now, prisoners from Sussex have sued prison officials and the Department of Corrections. I appointed counsel and granted the prisoners' requests to proceed *in forma pauperis*. For this case to go on, I must now direct service on the defendants. 28 U.S.C. § 1915(d). Before I do so, I have to decide if the prisoners' claims are frivolous.

§ 1915(e)(2); § 1915A(b); *Brown v. Sage*, 941 F.3d 655, 660 (3d Cir. 2019) (en banc). They are not.

Prison officials may not be deliberately indifferent to inmates' serious medical needs. U.S. Const. amend. VIII; *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). The prisoners have pled just that. COVID posed a "substantial risk," causing "debilitating symptoms" for many and death for some. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994); Compl. ¶ 32. Prison officials knew of this risk. *See Farmer*, 511 U.S. at 837. The Centers for Disease Control had recommended that inmates be distanced and wear masks. Compl. ¶ 29. Plus, there had been an outbreak at another prison two months earlier. Yet prison officials allegedly disregarded the risk by refusing to let prisoners wear masks or socially distance and failing to quarantine incoming inmates. *See Farmer*, 511 U.S. at 837. And because they were allegedly deliberately indifferent because the Department of Corrections failed to teach its officers how to follow public health guidance, it could be held liable too. Compl. ¶ 41; *City of Canton v. Harris*, 489 U.S. 378, 388 (1989).

Taking these allegations as true, I find that the prisoners have stated non-frivolous claims against the prison officials and the Department of Corrections. I will thus order that the complaint be served on the defendants. 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

3