IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

DION D. GIBBS, individually and on
behalf of all others similarly situated,

       *Plaintiff*,

  v.

JOHN CARNEY, *et al.*,

       *Defendants*.

No. 1:20-cv-01301-SB

---

Douglas Daniel Herrmann, James H.S. Levine, Kenneth A. Listwak, TROUTMAN PEPPER LOCKE LLP, Wilmington, Delaware.

       *Counsel for Plaintiff.*

Stacey Bonvetti, DELAWARE DEPARTMENT OF JUSTICE, Dover, Delaware.

       *Counsel for Defendants.*

---

**MEMORANDUM OPINION**

May 14, 2025

BIBAS, *Circuit Judge*, sitting by designation.

    After more than four years of litigation stemming from the COVID-19 pandemic, state prisoner Dion Gibbs now seeks class certification for purposes of settlement. D.I. 768. Because he has carried his burden of showing that the putative class meets the requirements of Rule 23(a) and (b), I certify the class. I also appoint his counsel as class counsel.

## I. THE WARDEN OF SUSSEX CORRECTIONAL INSTITUTION ALLEGEDLY VIOLATED THE EIGHTH AMENDMENT

Dion Gibbs is confined at Sussex Correctional Institution, a Delaware prison. Am. Compl., D.I. 695 at 4 (¶ 15). When COVID-19 swept the country in spring 2020, it swept this prison as well. *Id.* at 10 (¶ 55). The virus spread quickly in its close quarters. *Id.* at 11–13 (¶ 64, 71c). Gibbs claims that, despite the spread, prison officials ignored or rejected prisoners' requests for masks, cleaning supplies, and better disinfecting procedures. *Id.* at 7 (¶¶ 37–39). He alleges that the prison even punished a prisoner who tried to take matters into his own hands by fashioning his own mask. *Id.* at 9 (¶ 48). And as the prison's staff came down with COVID, Gibbs claims that sick calls backed up; some prisoners waited six weeks for treatment and were still charged $4 for each sick call. *Id.* at 6, 11 (¶¶ 28, 65–66).

Gibbs claims that these conditions violated prisoners' state and federal rights to be free from cruel and unusual punishment. *Id.* at 16–19 (¶¶ 87–98). So he sued the Delaware Department of Correction, its Commissioners, the Sussex Warden, and the Governor of Delaware, seeking declaratory and injunctive relief and damages on behalf of himself and all others similarly situated. I dismissed the prisoners' damages claims, their state constitutional claims, their claims against the state, and their claims for injunctive relief against everyone other than Warden Mears. D.I. 725 at 12. I let that claim go forward, as Gibbs had plausibly pleaded that Warden Mears was deliberately indifferent to COVID-19's risk of substantial harm. *Id.* at 11. (Scott Ceresini has since replaced Mears as the prison Warden and is now the defendant in this case. D.I. 768 at 7 n.2.)

For about two-and-a-half years, the parties negotiated toward a settlement. *See, e.g.*, D.I. 739, 741, 744, 754, 756, 760. They have now reached one. D.I. 765. Acknowledging that COVID-19 continues to present potential harm to the prisoners, the agreement stipulates that the prison's warden will implement COVID-19 vaccination, testing, and treatment policies, as well as sanitation and masking procedures in the prison. *Id.* at 2–4. The agreement is conditional on class certification. *Id.* at 7. So Gibbs now moves for class certification under Rule 23(b)(2). D.I. 767–68.

## II. I CERTIFY THE CLASS

Even though Gibbs seeks class certification solely to lock in the proposed settlement, Rule 23 still governs. *In re NFL Players Concussion Inj. Litig.*, 775 F.3d 570, 581 (3d Cir. 2014). So I must "make an independent inquiry" to ensure that Rules 23(a) and (b) are met. *In re Cmty. Bank of N. Va.*, 622 F.3d 275, 284 (3d Cir. 2010). For the reasons I explain below, they are.

### A. The class satisfies Rule 23(a)

To satisfy Rule 23(a), Gibbs bears the burden of showing that the proposed class "is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 345 (2011) (quoting Fed. R. Civ. P. 23(a)) (internal quotation marks omitted); *see In re Modafinil Antitrust Litig.*, 837 F.3d 238, 248 (3d Cir. 2016) (party moving for certification bears burden). The proposed class meets all four requirements.

3

*First*, numerosity: The class must be so numerous that joinder would be impractical. Fed. R. Civ. Pro. 23(a). This requirement is met in the Third Circuit if "the potential number of plaintiffs exceeds 40." *Mielo v. Steak 'n Shake Operations, Inc.*, 897 F.3d 467, 486 (3d Cir. 2018). Here, the proposed settlement class comprises "all persons who were incarcerated at [the prison] From March 1, 2020, or are incarcerated, or in the future will be so incarcerated, at [the prison]." D.I. 765 at 7. More than 110 inmates have already asked to be added to this case. D.I. 768 at 11. Plus, the class will include future inmates, making its size open ended. So joinder is impractical; numerosity is met.

*Second*, commonality: I must ensure that there are "questions of law or fact common to the class." *Mielo*, 897 F.3d at 487. "[I]njunctive actions 'by their very nature often present common questions satisfying Rule 23(a)(2).'" *Baby Neal ex rel. Kanter v. Casey*, 43 F.3d 48, 57 (3d Cir. 1994) (quoting 7A Wright et al., § 1763, at 201). That is the case here. The proposed class members allege that the defendant "engag[ed] in a common course of conduct toward them" through his deliberate indifference to the threat that COVID-19 posed to their health. *Id.* So all the proposed class members assert a "common contention[] whose truth or falsity can be determined in one stroke." *Parsons v. Ryan*, 754 F.3d 657, 678 (9th Cir. 2014). Their claims are common.

*Third*, typicality: I must ensure that Gibbs's circumstances are not "markedly different" from the rest of the proposed class and that his claims are based on the same "legal theory." *Johnston v. HBO Film Mgmt., Inc.*, 265 F.3d 178, 184 (3d Cir. 2001) (internal quotation marks omitted). This box is easily checked here. Gibbs is seeking

injunctive relief for the same allegedly unlawful conduct and policies using the same legal theory. *Baby Neal*, 43 F.3d at 58. So typicality is easily satisfied "irrespective of the [potentially] varying fact patterns underlying the individual claims." *Id.*

*Fourth*, adequacy of representation: I must ensure that (1) Gibbs's interests do not conflict with those of the class, and (2) his attorneys will capably represent the class. *Johnston*, 265 F.3d at 185. Both requirements are met here. Gibbs will capably represent the class for the same reasons that his claim is typical. *In re Schering Plough Corp. ERISA Litig.*, 589 F.3d 585, 602 (3d Cir. 2009). He has no unique defenses, and his interest in securing injunctive relief for all inmates at the prison aligns with the interests of the rest of the class. *Id.* Plus, his attorneys are qualified and have advocated vigorously for the prisoners' claims. *See, e.g.*, D.I. 712, 768.

So I find that the class satisfies all four prerequisites under Rule 23(a).

## B. The class satisfies Rule 23(b)(2)

The class seeks certification under Rule 23(b)(2). So Gibbs must show that defendants "acted or refused to act on grounds that apply generally to the class, so that the final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). As the Third Circuit has noted, Rule "23(b)(2) must be liberally read in context of civil rights suits, and is an especially appropriate vehicle for actions seeking prison reform." *Hassine v. Jeffes*, 846 F.2d 169, 180 (3d Cir. 1988); *see also Baby Neal*, 43 F.3d at 58.

Its requirements are easily met here. Because the prisoners' claims relate to the COVID-19 policies of the prison at large, the defendant's conduct can be "declared unlawful only as to all of the class members or as to none of them." *Wal-Mart*, 564

5

U.S. at 360. Plus, "[t]he goal of the complainants, consistent with the interests of the entire population at [Sussex] is to improve the overall conditions of the facility." *Hassine*, 846 F.2d at 179. So injunctive relief for the class as a whole is appropriate.

### III. I Appoint Gibbs's Counsel as Class Counsel

Because I have certified the class, I "must appoint class counsel." Fed. R. Civ. P. 23(g). I must consider (1) "the work counsel has done in identifying or investigating potential claims in the action"; (2) "counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action"; (3) "counsel's knowledge of the applicable law"; and (4) "the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A). Gibbs's counsel have advocated vigorously for the prisoners over the many years of litigation in this case. *See, e.g.*, D.I. 712, 768. They have extensive experience with complex litigation, including prison litigation; have displayed command of the law in this area; and have sufficient resources to see this case through settlement. D.I. 768 at 15. So I appoint Douglas D. Herrmann, James H. S. Levine, Kenneth A. Listwak, and Adam Dixon of Troutman Pepper Locke LLP as class counsel.

\* \* \* \* \*

The proposed class meets the prerequisites for class certification under Rules 23(a) and (b)(2). So I grant the unopposed motion for class certification.