IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

DION D. GIBBS, individually and on
behalf of all others similarly situated,

        *Plaintiff*,

    v.

JOHN CARNEY, *et al.*,

        *Defendants*.

No. 1:20-cv-01301-SB

---

Douglas Daniel Herrmann, James H.S. Levine, Kenneth A. Listwak, TROUTMAN PEPPER LOCKE LLP, Wilmington, Delaware.

        *Counsel for Plaintiff.*

Stacey Bonvetti, DELAWARE DEPARTMENT OF JUSTICE, Dover, Delaware.

        *Counsel for Defendants.*

---

**MEMORANDUM OPINION**

August 22, 2025

BIBAS, *Circuit Judge*, sitting by designation.

    As we near the fifth birthday of this case, the parties move for class settlement. Because they have shown that the relevant factors appear to favor approving the final settlement, I now preliminarily approve the settlement and notice plan.

## I. THE WARDEN SETTLED WITH A CLASS OF PRISONERS

Plaintiffs are a class of prisoners at Sussex Correctional Institution in Georgetown, Delaware. D.I. 776. COVID-19 was a scourge to prisons. Am. Compl., D.I. 695 at 11–13 (¶¶ 64, 71c). Dion Gibbs, the class representative, alleged that prison officials ignored or rejected prisoners' requests for masks, cleaning supplies, and better disinfecting procedures. *Id.* at 7, 8 (¶¶ 37–39, 43–45). He also claimed that backlogs made prisoners wait up to six weeks for treatment. *Id.* at 11 (¶¶ 65–66). Gibbs alleged that these conditions amounted to cruel and unusual punishment, suing state and prison officials for damages and injunctive relief on behalf of himself and others similarly situated. *Id.* at 16–19 (¶¶ 87–98), 21. After motions practice and settlement negotiations, the only remaining defendant is the prison warden. D.I. 768 at 7 & n.2.

The putative class and the warden reached a settlement agreement earlier this year and moved to certify a class. D.I. 765; 767; 768. I did so and granted the parties' joint stipulation to amend the class definition. D.I. 770; 776. Now, the parties move for preliminary approval of their settlement. D.I. 777.

## II. I PRELIMINARILY APPROVE THE SETTLEMENT

"[A] Rule 23 class action (favorable or not) binds the whole class," including absent class members. *Trump v. CASA, Inc.*, 145 S. Ct. 2540, 2559 n.15 (2025). Thus, Federal Rule of Civil Procedure 23(e) requires district courts to play a "fiduciary" role in approving class settlements, "guarding the claims and rights of the absent class members." *Ehrheart v. Verizon Wireless*, 609 F.3d 590, 593 (3d Cir. 2010). So a reviewing court should preliminarily approve a settlement only upon "the parties'

2

showing that the court will likely be able to: (i) approve the proposal under Rule 23(e)(2); and (ii) certify the class for purposes of judgment on the proposal." Fed. R. Civ. P. 23(e)(1)(B).

Because I have already certified the class, I must now make a preliminary finding of fairness. In judging fairness, I consider: (1) whether there are "grounds to doubt [the proposal's] fairness or other obvious deficiencies," and (2) whether the proposal "falls within the 'range of possible approval'" for final approval—which requires a settlement be fair, adequate, and reasonable. *In re Wilmington Tr. Sec. Litig.*, 2018 WL 3369674, at *4 (D. Del. July 10, 2018) (quoting *In re NFL Players' Concussion Inj. Litig.*, 301 F.R.D. 191, 198 (E.D. Pa. 2014)). Courts look for a "conceivable basis" for final approval by applying the *Girsh* and *Prudential* factors to the proposal. *See Fernandez v. DouYu Int'l Holdings Ltd.*, 2025 WL 972836, at *4, *8 (D.N.J. Mar. 31, 2025) (citing *Girsh v. Jespon*, 521 F.2d 153, 157 (3d Cir. 1975) and *In re Prudential Ins. Co.*, 148 F.3d 283, 323 (3d Cir. 1998)).

The proposed settlement resulted from arm's-length negotiations between the class and the warden during and after discovery. The narrowing of the class's claims reflects the adversarial path of this case, as "all but one of the prisoners' claims" were dismissed during motions practice. D.I. 725 at 2. This litigation was also stayed to accommodate the parties' negotiations. *See* D.I. 739; 740. And there is no reason to doubt that the negotiations were done in good faith at arm's length and informed by appropriate discovery.

Under the *Girsh* factors, the course of this litigation and the proposed settlement's key terms show that the proposal "fall[s] within the range of possible approval." *In re NFL*, 301 F.R.D. at 198 (citation omitted). (Because this class seeks injunctive relief, "not all the *Girsh* factors apply." *Williams v. City of Philadelphia*, 2011 WL 3471261, at *3 n.1 (E.D. Pa. Aug. 8, 2011). Likewise, none of the *Prudential* factors apply, given that there is no provision for attorney's fees here. *Id.* at *5.)

1. *The complexity and duration of this litigation favor approving the settlement.* Further litigation would be "protracted and expensive." *Gates v. Rohm & Haas Co.*, 248 F.R.D. 434, 444 (E.D. Pa. 2008). Outstanding factual questions, like what the warden knew and when, D.I. 725 at 11–12, would likely predominate, could require further discovery, and might not be resolvable on summary judgment.

2. *The reaction of the class to the settlement is neutral.* The notice of settlement has not yet issued, so at this stage the factor neither favors nor disfavors the proposal.

3. *The stage of the proceedings and amount of discovery completed favor approval.* As discussed, most claims have been dismissed, discovery has progressed, and the parties sought and obtained stays to negotiate with each other in reaching this agreement. The advanced course of the proceedings shows that the parties have examined the merits of the claims.

4. *The risks of establishing liability favor approval.* Again, outstanding factual questions persist in this case.

5. *The risks of maintaining a class through trial do not favor approval.* This factor captures the risk that, "[u]nder Rule 23, a district court may decertify or modify a

class at any time during the litigation if it proves to be unmanageable." *In re Prudential*, 148 F.3d at 321 (citation omitted). Though in theory the prospect of extended litigation can endanger any class, I see no strong risks to the certification of this class.

6. *The other* Girsh *factors favor approval.* The other *Girsh* factors "deal with monetary judgments and settlement funds" and so do not squarely apply here. *Inmates of the Northumberland Cnty. Prison v. Reish*, 2011 WL 1627951, at *3 (M.D. Pa. Apr. 29, 2011). But even adapting those factors to the injunctive remedy sought here, *see id.*, they appear to favor the proposal. Several of the proposal's terms address the prison's COVID-19 treatment plan. *See* D.I. 778 at 5 ("SCI will: (1) implement COVID-19 testing and isolation of COVID-19-positive incarcerated persons …."); 765 at 3 (¶¶ 7, 10–11). Others address the issue of masking. *See* D.I. 778 at 5 (requiring prison staff to wear masks when dealing with COVID-19 and to issue masks to prisoners); 765 at 4–5 (¶¶ 18–19). The parties agree that these conditions, which are "fair to both" parties, "will improve conditions of confinement for the class members." D.I. 778 at 6. As such, the proposal addresses the "concerns raised by the allegations" in a "comprehensive and thorough" manner. *Inmates of the Northumberland Cnty. Prison*, 2011 WL 1627951, at *3; *see also id.* (approving the settlement based on these findings).

I conclude that there are no "grounds to doubt [the proposal's] fairness or other obvious deficiencies." *In re Wilmington Tr. Sec. Litig.*, 2018 WL 3369674, at *4 (quoting *In re NFL*, 301 F.R.D. at 198). And I find "a conceivable basis" to think that

the "fairness, adequacy, and reasonableness" requirements will be satisfied. *Id*. So I preliminarily approve the proposal.

### III.   I APPROVE THE PARTIES' PROPOSED NOTICE PLAN

Under Rule 23(e)(1)(B), I must "direct notice in a reasonable manner to all class members who would be bound by the proposal." An adequate notice must "summarize the litigation and the settlement" and "apprise class members of the right and opportunity to inspect the complete settlement documents, papers, and pleadings filed in the litigation." *In re Prudential*, 148 F.3d at 327 (internal quotations omitted).

The parties have drafted a notice to the class members. D.I. 777-2. They propose to post copies of the notice "in all housing areas at [the prison], at the law libraries, and on the [prison's] electronic communication system," as well as upon request to Plaintiff's counsel. D.I. 778 at 7. The notice goes on to instruct those with objections or questions to contact the parties' counsel and states the date of the fairness hearing. D.I. 777-2 at 3–4. The parties' draft notice suggests an objection due date of "15 days after date of preliminary approval." D.I. 777-2. The proposed order, by contrast, suggests that the deadline to consider objections or comments should be "15 days after the deadline for posting Notice to the Class." D.I. 777-3 at 2. My accompanying order adopts the latter: I will consider objections or comments submitted on or before September 15, 2025. The parties must fill in the Notice accordingly.

The notice proposal is reasonable. As the parties observe, "[i]n class actions involving prisons and other institutions, it is frequently impractical to provide individual notice to class members." D.I. 778 at 7 (quoting *Harris v. Reeves*, 761 F.

6

Supp. 382, 393 (E.D. Pa. 1991)). So the parties' plan to make the notice available through media channels at the prison is sensible.

\* \* \* \* \*

Pending a full fairness hearing, I preliminarily approve the parties' proposed settlement and notice plan. An order follows.