IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

DION D. GIBBS, individually and on
behalf of all others similarly situated,

    *Plaintiff,*

        v.                                                    No. 1:20-cv-01301-SB

JOHN CARNEY, *et al.,*

        *Defendants.*

---

Douglas Daniel Herrmann, James H.S. Levine, Kenneth A. Listwak, TROUTMAN
PEPPER LOCKE LLP, Wilmington, DE.

                                                    *Counsel for Plaintiff.*

Stacey Bonvetti, DELAWARE DEPARTMENT OF JUSTICE, Dover, DE.

                                                    *Counsel for Defendants.*

---

## MEMORANDUM OPINION

December 5, 2025

BIBAS, *Circuit Judge*, sitting by designation.

The parties—a class of prisoners in Delaware and a Delaware official—move for final approval of their proposed settlement. Because they have shown that the settlement is fair, reasonable, and adequate, I grant final approval.

## I.    PRISONERS SUE DELAWARE OFFICIALS, THEN SETTLE

Plaintiffs are a class of prisoners at Sussex Correctional Institution in Georgetown, Delaware. D.I. 776. COVID-19 was a scourge to prisons, and Sussex was no exception. Am. Compl., D.I. 695 ¶¶ 64, 71c. Dion Gibbs, a prisoner and the class representative, alleged that prison officials bungled the pandemic and put prisoners at risk, including by ignoring or rejecting their requests for masks, cleaning supplies, and better disinfecting procedures. *Id.* ¶¶ 37–39, 43–45. He also claimed that prisoners had to wait up to six weeks for treatment when they got sick. *Id.* ¶¶ 65–66. Gibbs thought that these conditions amounted to cruel and unusual punishment, so he sued the state Department of Corrections and state officials under 42 U.S.C. § 1983. *Id.* ¶¶ 87–98. He sought damages and injunctive relief on behalf of himself and other similarly situated prisoners. *Id.* ¶ 12.

After the Court appointed pro bono counsel to represent the class, motions practice began. D.I. 513. The defendants moved to dismiss, and I granted that motion in part. D.I. 702; D.I. 725. The claims against the Department were barred by the Eleventh Amendment, so I dismissed them. D.I. 725 at 4. Section 1983 does not allow damages against state officials sued in their official capacities, so I dismissed those claims too. *Id.* at 5. And the plaintiffs did not plausibly state a claim against most of the Delaware officials. *Id.* at 6–11. After the motion to dismiss, the only remaining defendant is the prison warden and the only remaining remedy is injunctive relief. D.I. 768 at 7 & n.2.

The putative class and the warden reached a settlement agreement earlier this year and moved to certify a class. D.I. 765; 767; 768. I certified a class of all current

prisoners at Sussex. D.I. 770; 776. Then the parties moved for preliminary approval of their settlement, which I granted. D.I. 777; D.I. 780. I held a fairness hearing, during which I reviewed the parties' proposal and examined its fairness, reasonableness, and adequacy. Now, having given the class notice and an opportunity to object, the parties move for final approval. I will grant their motion, ending this case.

## II. I FINALLY APPROVE THE SETTLEMENT

Historically, courts applied long, multi-factor tests to determine whether a settlement was "fair, reasonable, and adequate" as required by Federal Rule of Civil Procedure 23(e). *Ehrheart v. Verizon Wireless*, 609 F.3d 590, 592 (3d Cir. 2010); *see Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975); *In re Prudential Ins. Co.*, 148 F.3d 283, 323 (3d Cir. 1998). But Rule 23(e) was amended in 2018. *Miller v. Del-One Fed. Credit Union*, 2025 WL 1359033, at *4 (D. Del. May 9, 2025). The Advisory Committee suggested that one purpose of the amendment was to provide a "shorter list of core concerns" for class settlements. Fed. R. Civ. P. 23 adv. comm. note to 2018 amend., sub. (e)(2). The Third Circuit has not explicitly addressed the continued relevance of the *Girsh* and *Prudential* factors, but several decisions since the amendment cite those cases favorably. *See Lundeen v. 10 W. Ferry St. Operations LLC*, 156 F.4th 332, 342 (3d Cir. 2025); *In re: Google Inc. Cookie Placement Consumer Priv. Litig.*, 934 F.3d 316, 322 & nn.2–3 (3d Cir. 2019).

In any event, whether I apply the four factors in the amended rule or the *Girsh* and *Prudential* factors, the parties' settlement is fair, reasonable, and adequate.

### A. The factors in the amended Rule 23(e) favor approval

Rule 23(e) requires only that we consider whether: (1) the class representatives and counsel adequately represented the case; (2) the proposal was negotiated at arm's length; (3) the relief adequately addresses the class's concerns; and (4) class members are treated equitably relative to each other. *See* Fed. R. Civ. P. 23(e).

*1.  Adequate representation.* The appointed class counsel has done excellent work representing the class—and has done so pro bono, for which the Court thanks them. They are knowledgeable and have extensive experience with complex litigation. D.I. 769 at 6. And they have successfully shepherded this case through motions practice, discovery, and settlement negotiations.

*2.  Arm's-length negotiation.* The settlement proposal comes to me for final approval five years into this case, which reflects the time the parties have invested in assessing the relative merits of their claims and defenses. D.I. 783 at 10. Plus, the negotiations which led to the proposal took place after I ruled on the defendants' motion to dismiss, and they reflected formal and informal discovery. *Id.* There is no indication that the bargaining was anything but arm's-length.

*3.  Adequate relief for the class.* The settlement addresses the class's core concerns. This dispute arose because prisoners alleged that Sussex failed to adequately address the COVID-19 pandemic, such as by tolerating the staff's refusal to use masks, punishing prisoners for making their own masks, and failing to provide prisoners with adequate medical care. Am. Compl. ¶¶ 11, 39, 48, 50–52. The settlement proposal addresses those allegations, such as by enforcing mask mandates in certain

circumstances, requiring the prison to issue masks to COVID-positive prisoners, and mandating systematic cleaning. *See* D.I. 783-1 at ¶¶ 10–11, 18, 19, 22.

*4. Equitable treatment of class members.* The settlement proposal does not feature preferential treatment for any prisoners or class of prisoners. And there are no subclasses. D.I. 776.

**B. The outcome is the same under the *Girsh* and *Prudential* factors**

The *Girsh* and *Prudential* factors ask more, considering also: (1) the complexity and duration of the litigation; (2) the reaction of the class; (3) the stage of the proceeding; (4) the risks of establishing liability in further litigation; and (5) the risks of maintaining a class through trial. *In re Prudential*, 148 F.3d at 318–21. The remaining factors do not apply to this case. *Inmates of Northumberland Cnty. Prison*, 2011 WL 1627951, at *3.

*1. The complexity and duration of this litigation favor approving the settlement.* Further litigation would be "protracted and expensive" for several reasons. *Gates v. Rohm & Haas Co.*, 248 F.R.D. 434, 444 (E.D. Pa. 2008). Outstanding factual questions, like what the warden knew and when, would likely predominate and require further discovery. *See* D.I. 725 at 11. Because a defendant's mental state is critical to an Eighth Amendment claim, there is a substantial chance that this dispute would not be resolved at summary judgment. *See Beers-Capitol v. Whetzel*, 256 F.3d 120, 125 (3d Cir. 2001); D.I. 783 at 9–10. And as often happens in litigation over prison policy, determining the proper scope of any remedy will be complex—more so than in the mine-run civil rights case. *See, e.g., Inmates of the Northumberland Cnty.*

*Prison v. Reish*, 2011 WL 1627951, at *3 (M.D. Pa. Apr. 29, 2011). And judging the challenged policies will likely require expert testimony, which is costly and time-consuming. D.I. 783 at 10. Those costs weigh in favor of the streamlined settlement.

2. *The reaction of the class favors the settlement.* After getting adequate notice, no class member objected to the proposed settlement. D.I. 783 at 10.

3. *The stage of the proceedings and amount of discovery completed both favor approval.* Most claims and defendants have been dismissed, discovery has progressed, and the parties sought and obtained stays to negotiate with each other in reaching this agreement. The advanced course of the proceedings shows that the parties have examined the merits of the claims.

4. *The risks of establishing liability favor approval.* Again, outstanding factual questions persist and could be difficult to resolve summarily. An immediate settlement offers benefits that continued litigation does not, since further proceedings could impose unnecessary costs on both parties. *In re Prudential*, 148 F.3d at 319.

5. *The risks of maintaining a class through trial do not favor approval.* This factor captures the risk that, "[u]nder Rule 23, a district court may decertify or modify a class at any time during the litigation if it proves to be unmanageable." *Id.* at 321. Though in theory the prospect of extended litigation can endanger any class, I see no strong risks to the certification of this class.

6. *The other* Girsh *factors favor approval.* The other *Girsh* factors "deal with monetary judgments and settlement funds" and so do not squarely apply here. *Inmates of the Northumberland Cnty. Prison*, 2011 WL 1627951, at *3. But even

adapting those factors to the injunctive remedy sought here, they favor the proposal because the settlement addresses the "concerns raised by the allegations" in a "comprehensive and thorough" manner. *Id.* Several of the proposal's terms address the prison's COVID-19 treatment plan. *See* D.I. 783-1 at ¶¶ 8–14 (requiring the prison to implement COVID-19 testing, isolate COVID-19-positive prisoners, and take other steps to manage the disease). Others address the issue of masking. *See id.* at ¶¶ 18, 19 (requiring prison staff to wear masks when dealing with COVID-19 and issue masks to prisoners). These provisions should prevent the concerns raised in this litigation from recurring. *Cf. Inmates of the Northumberland Cnty. Prison*, 2011 WL 1627951, at *3 (approving the settlement based on these findings).

* * * * *

The parties in this case chose to avoid the costly burden of trial by privately bargaining to resolve their dispute. They have now demonstrated that the bargain they struck is fair, reasonable, and adequate. Class counsel does not seek fees, so no work remains. By now approving their final settlement proposal, I bring this case to a close.